# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GAIA BOTANICALS, LLC, | Case No. 2:18-cv-0789-APG-PAL |
| Plaintiff, | ORDER |
| v. | (Mot WD Atty – ECF No. 49) |
| PACIFIC PAYMENT TECHNOLOGIES, LLC, et al., | |
| Defendants. | |

Before the court is Naylor & Braster's Motion to Withdraw as Counsel of Record (ECF No. 49) for defendants Pacific Payment Technologies, LLC, Tre'lage, LLC, Neil Haboush, Neil Sollinger, Mark Soller, Pasha Sollinger, and Nancy LaBier. The motion represents that defendants owe significant attorneys' fees and have not brought their account current Counsel has been discussing the need to pay legal fees with the clients since last December and represent it would create a hardship to continue to represent the defendants at no cost. Counsel therefore seeks leave to withdraw as counsel of record.

A corporation cannot appear except through counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016). The Ninth Circuit has held that default judgment is an appropriate sanction for a corporation's failure to retain counsel for the duration of the litigation. *United States v. High Country Broadcasting*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED** that:

1. Naylor & Braster's Motion to Withdraw as Counsel of Record (ECF No. 49) is **GRANTED**.

2. As a corporation cannot appear except through counsel, corporate defendants Pacific Payment Technologies, LLC, and Tre'lage, LLC shall have until **March 15, 2019** in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice.

3. Defendants Pacific Payment Technologies, LLC and Tre'lage, LLC's failure to timely comply with this order by obtaining substitute counsel may result in the imposition of sanctions which may include a recommendation to the district judge that default judgment be entered against them.

4. Individual defendants Neil Haboush, Neil Sollinger, Mark Soller, Pasha Sollinger, and Nancy LaBier shall have until **March 15, 2019** in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice or shall file a notice with the court that he/she will be appearing in this matter *pro se, (*representing themselves).

5. Individual defendants Neil Haboush, Neil Sollinger, Mark Soller, Pasha Sollinger, and Nancy LaBier's failure to timely comply with this order by either obtaining substitute counsel or filing a notice that he/she will be appearing in this matter *pro se* may result in the imposition of sanctions which may include a recommendation to the district judge that default judgment be entered against them.

6. The Clerk of the Court shall serve the defendants with a copy of this order at their last known addresses:

Pacific Payment Technologies, LLC
c/o Mr. Neil Haboush
410 S. Rampart Blvd., Ste. 390
Las Vegas, NV  89145

Tre'lage, LLC
c/o Mr. Neil Haboush
Pacific Payment Technologies, LLC
410 S. Rampart Blvd., Ste. 390
Las Vegas, NV  89145

Mr. Neil Haboush
410 S. Rampart Blvd., Ste. 390
Las Vegas, NV  89145

```
 1  Mr. Neil Sollinger
    410 S. Rampart Blvd., Ste. 390
 2  Las Vegas, NV  89145

 3  Ms. Pasha Sollinger
    410 S. Rampart Blvd., Ste. 390
 4  Las Vegas, NV  89145

 5  Mr. Mark Soller
    410 S. Rampart Blvd., Ste. 390
 6  Las Vegas, NV  89145

 7  Ms. Nancy La Bier
    410 S. Rampart Blvd., Ste. 390
 8  Las Vegas, NV  89145
```

DATED this 13th day of February 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE