# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GAIA BOTANICALS, LLC, | Case No.: 2:18-cv-00789-APG-PAL |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 32] |
| PACIFIC PAYMENT TECHNOLOGIES, LLC d/b/a UBIQUITY, et al., | |
| Defendants | |

Plaintiff Gaia Botanicals, LLC manufactures dietary supplements containing cannabidiol hemp oil (CBD). Gaia contracted with defendant Pacific Payment Technologies, LLC d/b/a Ubiquity (Pacific) to process credit card transactions for Gaia. Gaia alleges Pacific failed to deposit profits from those transactions into Gaia's bank account as required under their contract.

Gaia sues Pacific and its Chief Executive Officer (Neil Haboush), Administrative Partner (Pasha Sollinger), and one of its members (Neil Sollinger). Gaia also sues Tre'lage, LLC and its Managing Partner (Haboush), President and Founding Partner (Mark Soller), Manager Director (N. Sollinger), Chief Operating Officer (Nancy LaBier), and Administrative Partner (P. Sollinger). Finally, Gaia sues Marin Rain, Inc. and its Vice President (James Lovern). Gaia alleges that the individual parties and business entities named in the complaint conspired to induce it to enter into the contract with Pacific through fraudulent representations, and then channeled Gaia's sales through Tre'lage and Marin Rain, which aggregated the transactions with other merchant accounts before sending them overseas for processing. Gaia brings five claims: (1) violation of the federal Racketeer Influence and Corrupt Organizations Act (RICO) under 18 U.S.C. § 1692(c); (2) RICO Conspiracy under 18 U.S.C. § 1692(d); (3) breach of contract; (4)

fraud; and (5) conversion. Aside from the breach of contract claim, which is alleged against Pacific only, all claims are against all nine defendants.

Pacific, Tre'lage, Haboush, N. and P. Sollinger, Soller, and LaBier move to dismiss Gaia's claims for RICO violations, RICO conspiracy, and fraud. Because Gaia's complaint fails to meet the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), I grant the defendants' motion.

# I. ANALYSIS

## A. Motion to Dismiss Standard

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[1] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[2] The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."[3] "Factual allegations must be enough to rise above the speculative level."[4] To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[5]

District courts must apply a two-step approach when considering motions to dismiss.[6] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable

---

[1] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).
[4] *Twombly*, 550 U.S. at 555.
[5] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).
[6] *Id.* at 679.

inferences from the complaint in the plaintiff's favor.[7]  Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[8]  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[9]  Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[10]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[11]  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[12]  If the claims do not cross the line from conceivable to plausible, the complaint must be dismissed.[13]  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[14]

### B. First Cause of Action: Violation of RICO

The federal RICO Act "prohibits a person employed by or associated with any enterprise engaged in interstate commerce to conduct or participate in the conduct of the enterprise through a pattern of racketeering activity."[15]  The Act provides a private right of action and civil

---

[7] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).
[8] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.
[9] *Iqbal*, 556 U.S. at 678.
[10] *Id.* at 679.
[11] *Id.* at 663.
[12] *Id.* at 679 (internal quotation marks and citation omitted).
[13] *Twombly*, 550 U.S. at 570.
[14] *Iqbal*, 556 U.S. at 679.
[15] *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1147 (9th Cir. 2008) (citing 18 U.S.C. § 1962(c)).

3

remedies to redress violations.[16] To state a civil RICO claim under § 1964(c), a plaintiff must allege "(1) conduct, (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to [the] plaintiff's business or property."[17] Because RICO claims involve underlying fraudulent acts, they are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard.[18] Accordingly, to sufficiently plead its RICO claim, Gaia must specify the time, place, and content of the alleged fraudulent acts, as well as the parties involved and their individual participation.[19]

Gaia's complaint fails to state a RICO claim for multiple reasons. First, Gaia has not properly alleged an enterprise that is separate and distinct from Pacific and Tre'lage. To state a valid claim, RICO plaintiffs must allege a defendant—a "person" or "persons"—who is *distinct* from the "enterprise" whose business the defendant conducted.[20] "In other words, a single individual or entity cannot be both the RICO enterprise and an individual RICO defendant or 'person' as an individual cannot associate or conspire with himself."[21] Gaia pleads an "association-in-fact enterprise," defined as "any union or group of individuals associated in fact

---

[16] *See* 18 U.S.C. § 1964(c) (authorizing a civil action by "[a]ny person injured in his business or property by reason of a violation of section 1962").

[17] *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quotations omitted).

[18] *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004); *see* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").

[19] *Id.* at 1066; *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

[20] 18 U.S.C. § 1962(c); *Wagh v. Merits Direct, Inc.*, 363 F.3d 821 (9th Cir. 2003).

[21] *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1090 (N.D. Cal. 2006) (quoting *River City Markets, Inc. v. Fleming Foods West, Inc.*, 960 F.2d 1458, 1461 (9th Cir. 1992)) (internal quotation marks omitted).

4

although not a legal entity."[22] However, Gaia generally alleges that the individual defendants had various roles in the management of Pacific and Tre'lage,[23] but fails to allege an enterprise separate and distinct from those two business entities. For example, Gaia alleges that P. Sollinger and LaBier manage Pacific's and Tre'lage's "virtual" offices but does not allege that either individual had a common purpose or functioned as a unit with the other defendants as part of a distinct enterprise separate and apart from their roles with Pacific and Tre'lage.

Gaia relies on *Allstate Insurance Co. v. Peter Mario Balle*[24] to argue that employees acting within the scope of their employment are sufficiently distinct from the corporation to constitute an enterprise. In that case, the defendant moved to dismiss, arguing that the complaint failed to allege an enterprise separate and distinct from the person perpetrating the racketeering conduct.[25] In denying the motion to dismiss in that case, I found the existence of an enterprise, in part because the defendant worked "in concert with [other defendants] to conduct the scheme and defraud the Plaintiffs."[26] I held that Balle was "distinct from the collaborative association of all Defendants—the 'enterprise.'"[27]

Here, unlike *Allstate*, Gaia does not adequately allege that the defendants worked "in concert" to "conduct the scheme." Gaia generally alleges that the individual defendants had defined roles in Pacific's or Tre'lage's companies but does not connect those roles to a common

---

[22] 18 U.S.C. § 1961(4).
[23] *See* ECF No. 1 at ¶¶ 7–11, 57–62).
[24] 2013 WL 4833327 (D. Nev. Sept. 9, 2013).
[25] *Id.* at *3.
[26] *Id.*
[27] *Id.*

5

purpose, ongoing organization, or a continuing unit separate and apart from the business entities themselves.

Gaia also fails to adequately allege wire fraud under the fourth element of its RICO claim. The RICO Act includes wire fraud—a violation of 18 U.S.C. § 1343—as "racketeering activity."[28] To plead a claim for wire fraud, a plaintiff must allege (1) formation of a scheme or artifice to defraud, (2) use of the United States mail or wires in furtherance of the scheme, and (3) specific intent to deceive or defraud.[29] Because this claim is subject to Rule 9(b)'s pleading standard, a plaintiff must "state the time place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."[30] This heightened pleading standard only applies to "the factual circumstances of the fraud itself," and not to the first or third elements of a wire-fraud claim.[31]

Gaia alleges that the defendants induced it to enter into a contract by representing that Pacific had direct relationships with banks in the United States and would not aggregate Gaia's funds. But its complaint does not allege the facts surrounding this scheme with sufficient specificity to satisfy Rule 9(b). While Gaia alleges date ranges for some fraudulent communications,[32] the other details do not satisfy the standard—especially the paragraph in which Gaia alleges the representations that are the crux of its fraud claim. Gaia alleges in

---

[28] 18 U.S.C. § 1961(1)(B).

[29] *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010); 18 U.S.C. § 1343.

[30] *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also DeSoto v. Condon*, 371 Fed. Appx. 822, 824 (9th Cir. 2010) (applying *Schrieber* to wire fraud allegations).

[31] *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007).

[32] *See id.* (allegation that fraud occurred sometime "in May 2002" sufficiently particular); *Washaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir. 1996) (allegations that fraud occurred "between March 2 and June 4, 1992," met the Rule 9(b) standard).

6

paragraph 33 that Haboush, through a non-party, "represented by telephone and by e-mail" that Pacific would have relationships with United States banks and would not aggregate Gaia's funds.[33] This seems to allege the misrepresentations happened over the course of several communications, but does not identify dates of these communications, the means of communication of each, or the details surrounding the non-party's relationship with Haboush.

The allegations of wire fraud also do not identify the roles of each individual defendant. Gaia alleges that Haboush, N. Sollinger, and LaBier "contacted Plaintiff to sell Pacific's 'credit card processing services,"[34] but implicates only Haboush in the representation that Pacific had a relationship with banks in the United States. Gaia does not allege that any other defendant made similar representations and does not allege that Soller or P. Sollinger participated in the formation of the scheme to defraud, used the United States wires in furtherance of the fraud, or had specific intent to defraud.

Gaia fails to state a valid RICO claim because it failed to sufficiently allege an enterprise and did not meet Rule 9(b)'s particularly standard in alleging racketeering activity. I therefore dismiss Gaia's first cause of action without prejudice and grant it leave to amend to allege facts to meet Rule 9(b)'s standard, if such facts exist.

**C. Second Cause of Action: RICO Conspiracy**

Title 18 U.S.C. § 1692(d) prohibits any person from conspiring to violate any of the provisions of § 1692(a)–(c). But a claim under § 1692(d) fails as a matter of law if the plaintiff does not adequately allege a substantive RICO violation under the other subsections.[35] Because

---

[33] ECF No. 1 at ¶ 33.

[34] *Id.* at ¶ 27.

[35] *Sanford*, 625 F.3d at 559 (quoting *Howard v. America Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)).

Gaia's claim for RICO violations fails, its conspiracy claims fail as a matter of law. I therefore dismiss Gaia's second cause of action without prejudice.

**D.     Fourth Cause of Action: Fraud**

To state a claim for fraud, Gaia must allege that (1) the defendants misrepresented a material fact, which they knew to be false; (2) the defendants intended Gaia to rely on the misrepresentation; (3) Gaia detrimentally relied on the misrepresentation; and (4) the misrepresentation proximately caused damages.[36] This claim is also subject to Rule 9(b)'s heightened pleading standard.[37]

Gaia's claim for fraud is premised on the same conduct as its RICO wire-fraud claim, and therefore fails for the same reasons. While Gaia alleges a time frame for some fraudulent misrepresentations, it does not do so for all the communications. Nor does it specify who made these representations and to whom. Moreover, Gaia alleges this claim against all defendants but does not specify any representations made by Soller or P. Sollinger. Without more specific allegations, the defendants cannot adequately defend against the charge.[38] I therefore grant the defendants' motion to dismiss this claim without prejudice.

//

//

//

//

//

---

[36] *Chen v. Nev. State Gaming Control Bd.*, 994 P.2d 1151, 1152 (Nev. 2000).

[37] Fed. R. Civ. P. 9(b).

[38] *See Sanford*, 625 F.3d at 550.

## II. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 32] is GRANTED.** Gaia's first, second, and fourth causes of action are dismissed without prejudice. Gaia may file an amended complaint by April 19, 2019 if it can allege sufficient facts to cure the deficiencies noted above.

DATED this 30th day of March, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE